IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **RICHARD BARKSDALE,**<br><br>Petitioner/Defendant,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | **Criminal No. 1:15-cr-00045-JRR-1**<br>**Civil No. 1:17-cv-002502-JRR** |

## MEMORANDUM OPINION

This matter comes before the court on *pro se* Petitioner Richard Barksdale's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and supplement thereto. (ECF Nos. 81 and 85.) The court also has before it Barksdale's Motion to Appoint Counsel. (ECF No. 108.) The court has reviewed all papers.

**I.   BACKGROUND**

On February 5, 2015, Barksdale was charged by Indictment with a single count of possession of a firearm by a previously convicted person in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 11.) Following a two-day jury trial, Barksdale was found guilty on count one of the Indictment. (Verdict Sheet, ECF No. 50.) On December 21, 2015, Judge J. Frederick Motz sentenced Barksdale to 96 months' incarceration and 3 years' supervised release. (ECF No. 56.) On December 30, 2015, the court entered judgment. (ECF No. 58.) On January 4, 2016, Barksdale appealed his conviction. (ECF No. 60.) On May 18, 2016, upon a joint motion to remand, the United States Court of Appeals for the Fourth Circuit vacated Barksdale's sentence and remanded the case to the District Court for resentencing. (ECF Nos. 72 and 73.)

Prior to resentencing, the parties submitted sentencing memoranda – arguing for a sentence within the United States Sentencing Guidelines range of 77 to 96 months' imprisonment. (Presentence Investigation Report ("PSR"), ECF No. 52 at 21.)  The Government requested the same sentence previously imposed (96 months' imprisonment).  (Gov't Sentencing Mem., ECF No. 77.)  Defense argued for a 77-month sentence for various reasons, including Barksdale's mental health history, childhood trauma, and lack of therapeutic environments experienced by Barksdale during his past periods of imprisonment.  (Def.'s Sentencing Mem., ECF No. 76.)  On September 1, 2016, Judge Motz resentenced Barksdale to 96 months' imprisonment and on September 27, 2016, the court entered an amended judgment.  (ECF Nos. 78 and 79.)  Barksdale did not appeal.

On August 30, 2017, Barksdale filed the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 81.)  On October 16, 2017, Barksdale filed a supplement alleging several instances of ineffective assistance of counsel.  (ECF No. 85.)  Barksdale argues that he is a "mental health and chronic care individual by law" and that he was "never evaluated by the courts during his four hearings." *Id.* at 4.  Barksdale additionally argues that, as it pertains to his resentencing, he was "over calculated by 6 points" and he was never shown his PSR by counsel. *Id.*

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody may move to vacate, set aside or correct, a federal prison sentence on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a); *Hill v. United States*,

2

368 U.S. 424, 426-27 (1962).  To prevail on a § 2255 motion, the movant bears the burden of proving his claims by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 426-27).

The scope of a § 2255 collateral attack is markedly narrower than an appeal, and a "collateral challenge may not do service for an appeal." *Foster v. Chatman*, 578 U.S. 488, 519 (2016) (Alito, J., concurring) (citations omitted).  Relief under § 2255 is reserved only for situations when failing to grant relief would be "'inconsistent with the rudimentary demands of fair procedure' or [would] constitute[] a complete 'miscarriage of justice.'" *United States v. Vonn*, 535 U.S. 55, 64 (2002) (quoting *United States v. Timmreck*, 441 U.S. 780, 783 (1979)).

Pursuant to 28 U.S.C. § 2255(b), the court must hold an evidentiary hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021).  Ordinarily, in resolving a motion, a district court has discretion as to whether to hold a hearing, but in the context of a § 2255 motion, "a hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record, or when a credibility determination is necessary to resolve the claim." *Mayhew*, 995 F.3d at 176-77.  If the district court "denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment," and the appellate court reviews "the facts in the light most favorable to the § 2255 movant." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).  As discussed

in greater detail below, the record is more than sufficient for the court to decide Barksdale's claims without an evidentiary hearing, and therefore the court declines to hold a hearing.

### III. ANALYSIS

#### A. Motion to Vacate -- Ineffective Assistance of Counsel

Barksdale's claims hinge upon allegations of ineffective assistance of counsel subject to the standards set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). It is well settled that the Sixth Amendment's "right to counsel is the right to effective counsel." *Id.* at 686. In *Strickland,* the Supreme Court established a two-part test to determine whether a convicted a person is entitled to relief on the ground that his counsel rendered ineffective assistance. *Id.* at 688.

Under the first prong of the test the petitioner must demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness," which is to say that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687-88. Under the second prong, the petitioner must show that the deficient performance prejudiced the defense (*id.* at 688) – in other words that "there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Fugit,* 703 F.3d 248, 259 (4th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694). A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Importantly, there is a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

> In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.
>
> . . .

4

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. *Cf. Engle v. Isaac*, 456 U.S. 107, 133-134 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .

*Strickland v. Washington*, 466 U.S. 668, 688-90 (1984).

The court may address the two *Strickland* prongs in either order; if one prong is not met, the court need not address the second.

### 1. *Mental Health Claims*

Construed liberally, Barksdale claims that his counsel was ineffective because he was "never evaluated by the courts" and because of the "[a]bsence of . . . medical staff and doctor[s]" during his hearings. (ECF No. 85 at 7-8.) The Government counters that Barksdale's counsel referred the court to his mental health history as a mitigating factor at both the initial sentencing and resentencing hearings. (ECF No. 93 at 6.) The Government further argues that "[t]here is no reason to believe that any additional efforts by counsel would have provided any additional, useful mental health history, apart from what already existed in the record." *Id.* at 9.

In *Wiggins v. Smith,* 539 U.S. 510 (2003), the United States Supreme Court explained the *Strickland* performance standards:

> *Strickland* does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing. Nor does *Strickland* require defense counsel to present mitigating evidence at sentencing in every case. Both conclusions would interfere with the "constitutionally protected independence of counsel" at the heart of

5

> *Strickland*. We base our conclusion on the much more limited principle that "strategic choices made after less than complete investigation are reasonable" only to the extent that "reasonable judgements support the limitations on investigation." A decision not to investigate thus "must be directly assessed for reasonableness in all the circumstances."

*Id.* at 533 (citations omitted).

The record before the court demonstrates that Barksdale's mental health issues were at the forefront of sentencing considerations. At resentencing, Judge Motz expressly considered Barksdale's mental illness, recommended Barksdale receive mental health treatment deemed appropriate by his probation officer, and noted that mental health "is obviously a mitigating factor." (Resentencing Tr., ECF No. 91 at 16:6-9, 17:16-17.) In addition, the PSR included extensive information regarding Barksdale's mental health history. (ECF No. 52 at ¶¶ 76-81.) The report detailed multiple diagnoses spanning a decade, including paranoid schizophrenia, bipolar disorder, depressive disorder, antisocial personality disorder, and adjustment disorder. *Id.* Moreover, Defense counsel's sentencing memorandum and argument at resentencing emphasized Barksdale's mental health issues. (ECF No. 76 at 2; Resentencing Tr. 10:22-11:16, 12:17-24.) The Government's sentencing recommendation also addressed Barksdale's mental health history. (ECF No. 77 at 2.) Barksdale does not persuade the court that counsel should have investigated his mental health issues further, that he was deficient for doing so – Barksdale provides no information or evidence suggestion that counsel overlooked facts or indicia suggesting investigation beyond the PSR was appropriate. In sum, defense counsel provided effective assistance by presenting extensive mental health information to the court and presenting persuasive mitigation arguments to favor Barksdale. Finally, Barksdale fails to demonstrate that his sentence would be different with additional mental health information, and the court is not persuaded that this is the case.

Accordingly, Barksdale fails to demonstrate that counsel's performance fell below an objective standard of reasonableness. Because counsel did not act unreasonably with respect to Barksdale mental health concerns, Barksdale did not suffer prejudice as a result of any deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984).

2.  *Presentence Investigation Report*

Construed liberally, Barksdale asserts that he was overcalculated by 6 points due to his attorney's failure to challenge the validity of his prior convictions in the PSR. (ECF No. 85 at 5.) The Government argues that defendants are generally unable to collaterally attack prior State convictions during federal sentencing proceedings and Barksdale fails to provide supporting evidence to challenge the validity of his prior convictions. (ECF No. 93 at 9-10.)

In *Custis v. United States,* the United States Supreme Court declined to extend a defendant's right to collaterally attack his prior convictions on the basis of a wide range of constitutional violations, including the defendant's claim of ineffective assistance of counsel. 511 U.S. 485, 496 (1994). Instead, the Court reaffirmed its holding in *Gideon v. Wainwright*[1] that a collateral attack may only stem from a denial of the right to counsel in violation of the Sixth Amendment. *Id.* at 494. In other words, "a defendant in a federal sentencing proceeding cannot collaterally challenge a prior conviction used to enhance his sentence on federal constitutional grounds unless the conviction 'was obtained in the absence of counsel.'" *United States v. Hondo*, 366 F.3d 363, 365 (4th Cir. 2004) (quoting *United States v. Bacon*, 94 F.3d 158, 162 (4th Cir. 1996)). A defendant seeking to collaterally attack a prior conviction bears the burden of demonstrating at least an inference of invalidity of the prior conviction. *U.S. v. Collins,* 415 F.3d 304, 316 (4th Cir. 2005); *see Hondo*, 366 F.3d at 365 ("Importantly, however, even when an

---

[1] 372 U.S. 335 (1963).

arguable *Custis* challenge is raised, the defendant bears an especially difficult burden of proving that the conviction was invalid.").

Although Barksdale claims that his prior convictions were invalid and refers the court to records that he contends demonstrate that he lacked representation (ECF No. 85 at 5), Barksdale fails to provide the court with any such records.[2] Specifically, Barksdale provides no evidence to demonstrate either that he lacked counsel during these prior conviction proceedings or that he did not waive his right to counsel. *See United States v. Draper,* 380 Fed. Appx. 284, 286 (4th Cir. 2010) (concluding that the district court did not err in overruling the defendant's objection and considering the prior conviction in calculating the defendant's criminal history where the defendant did not recall having counsel or waiving his right to counsel for the challenged conviction and "offered no affirmative evidence to rebut the presumption that [a defendant] had counsel or signed a waiver of counsel form") (citing *United States v. Jones*, 977 F.2d 105, 110-11 (4th Cir. 1992) (holding that uncorroborated, inconclusive, self-serving testimony about distant events was insufficient to carry burden of showing invalid prior conviction)).

To the extent Barksdale contends his counsel was ineffective because he (Barksdale) was unable to review, or did not review, his PSR, the court is not persuaded. (ECF No. 85 at 5.) At the sentencing hearing, the court expressly inquired of Barksdale's counsel whether he had reviewed the PSR with his client, counsel answered affirmatively, and Barksdale did not protest. (Sentencing Tr., ECF No. 76-1 at 3:6-8.) Even assuming Barksdale's counsel failed to review the PSR with Barksdale and/or object to arguments made by the Government, and assuming further that such failures render counsel's performance unreasonable, Barksdale fails to demonstrate any prejudice. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986) ("Under *Strickland*, a mere

---

[2] The PSR notes that Barksdale's attorney representation status was "unknown" for three of his prior convictions (ECF No. 52 ¶¶ 30-32), and therefore, effectively provides no information on this issue.

possibility that the result might have been different does not suffice.")  In sum, Barksdale fails to demonstrate that counsel's performance fell below an objective standard of reasonableness. Because counsel did not act unreasonably at the resentencing hearing, Barksdale did not suffer prejudice as a result of any deficient performance.  *Strickland v. Washington*, 466 U.S. 668 (1984).

B.  **Appointment of Counsel**

Barksdale also requests that the court appoint counsel.  (ECF No. 108.)  "It is well established that the Sixth Amendment right to counsel does not extend to collateral review." *Hammoud v. United States*, No. CV RDB-15-3239, 2016 WL 3351331, at *3 (D. Md. June 16, 2016) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).  "The [c]ourt may appoint counsel for any financially eligible person if the interests of justice so require, 18 U.S.C. § 3006A(a)(2), to include when counsel is necessary for effective discovery, or to represent petitioner at an evidentiary hearing."  *Heiting v. United States,* No. 16-CR-434-PX, 2024 WL 1604490, at *7 (D. Md. Apr. 12, 2024).  "It is within the discretion of the court to appoint counsel if 'the interests of justice so require.'"  *Hammond*, 2016 WL 3351331, at *3 (quoting 18 U.S.C. § 3996A(a)). Because Barksdale fails to raise any ground for relief under 28 U.S.C. § 2255, and the court does not harbor a concern or belief that other § 2255 grounds for relief exist that are unclear to Barksdale based on his *pro se* status (*i.e.,* that an attorney would be able to aid him in articulating grounds for relief), "the interests of justice do not require the appointment of counsel."  *Id.* at *4. Accordingly, the Motion to Appoint Counsel will be denied.

C.  **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the court denies the petitioner's motion on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court concludes that Barksdale has not made a substantial showing of a denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and reasonable jurists would not find Barksdale's claims debatable. *See Slack, supra*; *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (noting that in order to satisfy § 2253(c)(2), "a petitioner must sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citation omitted)). Therefore, a certificate of appealability is denied.

### IV.     CONCLUSION

For the reasons set forth herein, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and supplement thereto (ECF Nos. 81 and 85), and the Motion to Appoint Counsel (ECF No. 108) will be denied.

A separate order follows.

/S/

August 1, 2024

Julie R. Rubin
United States District Judge